IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARTFORD INSURANCE COMPANY
OF THE MIDWEST and INTERSTATE
INDEMNITY INSURANCE COMPANY,

      **Plaintiffs,**

vs.                                                                         Civ. No. 04-0742 LCS/LAM

**CHARLES D. CLINE and JUDITH E.
DAVIS,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Reconsider Order Granting Summary Judgment, or For Relief from the Judgment or to Alter or Amend the Judgment, filed February 2, 2005. (Defs.' Mot. and Mem. Supp. Mot. Recons. and Certification, Doc. 42). Plaintiffs filed a Joint Response to Defendants' Motion on February 15, 2005. (Pls.' Resp. Mot. and Mem. Supp. Mot. Recons. and Certification Doc. 43). The United States Magistrate Judge, acting upon consent and designation pursuant to 28 U.S.C. § 636, and having considered the record, arguments of counsel, relevant law, and being otherwise fully advised, finds that Defendants' Motion should be **DENIED**.

**I.    Motion to Reconsider**

Because Defendants filed their Motion within ten days of the Summary Judgment, the Court construes their Motion to Reconsider as pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See*, FED. R. CIV. P. 59(e) (2004 Revised Ed.); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); (Summ. J.; Defs.' Mot. and Mem Supp. Mot. Recons. and Certification, Docs. 40, 42). Whether

to grant or deny a motion for reconsideration is a matter committed to the court's discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising this discretion, courts have generally recognized three major grounds which justify reconsideration; 1) an intervening change in controlling law; 2) availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). In reconsidering its Memorandum Opinion and Order, the Court is not persuaded that it was clearly erroneous, involved a misunderstanding of law, or that Plaintiff has introduced any contradictory controlling authority. *Id.* As such, Defendants' Motion for Rule 59(b) Motion to Reconsider must be denied.

## II.     Request that the Issue Be Certified to the New Mexico Supreme Court

Defendants also move this court to certify the following question to the New Mexico Supreme Court: Whether an interpretation of the standard form auto insurance policy definition of a "family member"--defining a Class I insured under New Mexico UM/UIM coverage--which excludes a legitimate domestic partner is invalid as contrary to the public policy of the State of New Mexico. (Defs.' Mot. and Mem Supp. Mot. Recons. and Certification at 7, Doc. 42).

Under the Uniform Certification of Questions of Law Act, the New Mexico Supreme Court may answer a question of law certified to it if the "answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision or statute of this state." N.M. STAT. ANN. §§ 39-7-4 (Michie 1978). In the instant matter, there is no pending litigation, as the Court has already ruled upon the issue for which Defendants seek certification. Thus, Defendants' Motion is untimely and the Court takes note of the Tenth Circuit's decision in *Massengale v. Oklahoma Bd. of Examiners in Optometry* which states that generally it "will not certify questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the district court." *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1331 (10th Cir. 1994).

Further, while there might not be any New Mexico cases which have specifically addressed whether public policy dictates that domestic partners not named in an insurance policy should be treated as "family members" pursuant to UM/UIM policies, the Court has relied upon a number of New Mexico cases with regard to what constitutes marriage and how insurance contracts are to be construed. *See In re Estate of Bivians*, 652 P.2d 744, 749-750 (N.M. Ct. App. 1982) (New Mexico does not recognize doctrine of common law marriage); *In re Estate of Lamb*, 655 P.2d 1001 (N.M. 1982); *Jaramillo v. Providence Washington Ins. Co.*, 871 P.2d 1343, 1347-1348. (N.M. 1994) (generally ambiguities in an insurance contract construed against the insurer, but general rule "not applicable to situations in which a third party who is not expressly named as the insured or who is not an acknowledged family member is seeking coverage under a policy that has not been purchased by the third party"). Thus, there is no question of law to certify to the New Mexico Supreme Court.

In addition to the question of law to be answered and Defendants' failure to meet the requirements for certification, an order of certification must contain, "the facts relevant to the question, showing fully the nature of the controversy out of which the question arose . . . ." N.M. STAT. ANN. §§ 39-7-7(A)(2) (Michie 1978); *See also,* N.M. R. APP. P. 12-607 (2004). "The intent of the certification of facts and the determinative answer requirements is that [the New Mexico Supreme Court] avoid rendering advisory opinions." *Schlieter v. Carlos*, 775 P.2d 709, 710 (N.M. 1989). The submitted facts must be sufficiently nonhypothetical and evidentiary. *Schlieter*, 775 P.2d at 711.

Defendants argue that it is the settled policy of the state to "afford long-term, committed domestic partners the same insurance coverage benefits afforded other family members." (Defs.' Mot. and Mem. Supp. Mot. Recons. and Certification at 3, Doc. 42). In support of this proposition, they attach to their memorandum Executive Order No. 2003-010, Establishing Benefits for Domestic Partners of State Employees; University of New Mexico Business Policies and Procedures, Part 3790, Domestic Partners;

New Mexico State University Domestic Partners Policy, and City of Albuquerque Administrative Instruction No. 7-29.[1] (Defs.' Mot. and Mem. Supp. Mot. Recons. and Certification, Ex. A-D, Doc. 42). First, in each of these examples, it is apparent that the entities involved either went through a legislative-like process or were ordered to negotiate so that detailed terms, conditions and definitions of the coverage would be available to those who qualify. For example, in the University of New Mexico Policy and Procedures Manual the qualifying criteria includes a requirement that domestic partners "have been in a mutually exclusive relationship for the last twelve (12) months, intending to do so indefinitely . . . ." (Defs.' Mot. and Mem. Supp. Mot. Recons. and Certification, Ex. B, Doc. 42). In addition, they must be "jointly responsible for the common welfare of each other and share financial obligations." (*Id.*) There are a number of other criteria as well. *See id.* Similarly, in the City of Albuquerque's Administrative Instruction 7-29, there exists a legislative-like definition of "domestic partner" with detailed qualifying criteria. (Defs.' Mot. and Mem. Supp. Mot. Recons. and Certification, Ex. D, Doc. 42).

In the present case the court has no complete factual basis for presentation of the question to the Supreme Court. For example, nowhere in the record is there a determination of "mutual exclusivity" of Defendants' relationship. *See*, *e.g.,* Defs.' Mot. and Mem. Supp. Mot. Recons. and Certification, Ex. A-D, Doc. 42. Nor does the record reveal whether Mr. Cline and Ms. Davis intended to live together indefinitely. *See*, *e.g.,* Defs.' Mot. and Mem. Supp. Mot. Recons. and Certification, Ex. B-D, Doc. 42. The point is that even if the Motion to Certify were timely (which it is not) and even if the court had not already decided the question purported to be certified (which it has), no certification would likely be accepted on the basis of the present record. Generally, the Supreme Court has accepted certification of cases "in which there is no dispute over the factual predicates to the Court's determination of the questions certified . . . ." *Schlieter*,

---

[1] The Court notes that these documents attached to Defendants' Memorandum as Exhibits are not admitted into evidence but are part of the record for appeal.

775 P.2d at 710 508.[2]  In sum, Defendants do not present a question of law that can be answered by the New Mexico Supreme Court, and even assuming they do, there is not a complete factual basis for presentation of the question to that Court.  As such, Defendants' request for certification must be denied.

### III.     Conclusion

Upon review of Defendants' Motion to Reconsider Order Granting Summary Judgment, or For Relief from the Judgment or to Alter or Amend the Judgment (Defs.' Mot. and Mem. Supp. Mot. Recons. and Certification, Doc. 42), filed February 2, 2005, this Court has determined that Defendants' Motion is not well-taken and it is **DENIED**.

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] For example in *Las Cruces v. El Paso Electric Co., et al.*, before this Court certified its question to the New Mexico Supreme Court, I conducted a multi-day hearing to make numerous findings so that the Supreme Court's concerns in *Schlieter* would not be an issue.  *See Las Cruces v. El Paso Electric Co., et al.*, Civ. No. 95cv485 LCS,  Doc. 129.